◼ JEROME WESTHEIM et al., Appellants, v ELKAY INDUSTRIES, INC., Appellant.—Judgment, Supreme Court (Burton S. Sherman, J.), entered February 13, 1990, which, after a nonjury trial, found in favor of plaintiff Robinson against defendant in the amount of $58,220.24 and in favor of plaintiff Westheim against defendant in the amount of $79,654.75, both of said awards inclusive of attorney's fees, unanimously affirmed.

Plaintiffs were salaried employees of defendant. Beginning in the fall of 1986, in addition to their salaries, plaintiffs were orally promised a bonus equal to 2% of the sales above quota. Despite this, plaintiffs were not paid the full bonus for either the "fall-holiday 1986 season" (the period from July through December 1986) or the "spring-summer 1987 season" (the period from January to June 1987). Plaintiffs voluntarily terminated their employment near the end of the "fall-holiday 1987 season" and commenced this action to recover their bonuses and for attorney's fees.

There was sufficient evidence in the record for the court to find that defendant established a nondiscretionary bonus plan which did not condition receipt of the bonus on remaining employed until the end of a season, and that plaintiffs were entitled to recover the full amount of the bonus owed for the fall-holiday 1987 season equal to 2% of plaintiffs' sales above

the quota for the season, plus interest. In addition, we affirm that part of the court's judgment awarding plaintiffs attorney's fees pursuant to Labor Law § 198 (1-a) in an amount equal to plaintiffs' contingency arrangements with their counsel which the court found reasonable. Plaintiffs were "employees" as that term is used in Labor Law § 198 (1-a). Defendant having failed to raise the argument that a "bonus" does not constitute "wages" under the statute, we decline to review this argument on appeal. Concur—Kupferman, J. P., Asch, Smith and Rubin, JJ.